FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

2016 MAY 25  P 2: 38

(Alexandria Division)

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TREY SIMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case #1:16–cv– _572 -CMH-MSN_ |
| | ) |
| CLAIBORNE RICHARDSON, | ) |
| | ) |
| and | ) |
| | ) |
| ESTATE OF DAVID E. ABBOTT, | ) |
| | ) |
|     Defendants. | ) |

COMPLAINT

Preliminary and Jurisdictional Statement

1. When plaintiff Trey Sims was 17 years old, he and his then girlfriend exchanged

sexually explicit photographs and videos ("sexted"). For this reason, Assistant Commonwealth

Attorney Claiborne Richardson charged Trey, but not his girlfriend, with felony manufacturing

and possession of child pornography, *i.e.*, his own video of himself. In his investigation into

these matters, at the direction of the Commonwealth Attorney's Office, Detective David E.

Abbott forcibly procured pictures of Trey's penis and later threatened to have him injected with a

substance that would give him an erection, ostensibly to facilitate comparison to the video

underlying the investigation. Only after the press learned of this and there ensued a public hue

and cry was this plan abandoned. In this action, Trey, now 19 years old, sues for his damages

arising out of defendants' gross investigatory excesses. This case arises under the Fourth and

Fourteenth Amendments of the Constitution, 42 U.S.C. §§1983 and 1985, 18 U.S.C. §2255, providing a civil cause of action for minors forced to participate in manufacturing child pornography, and state tort law penalizing intentional infliction of emotional distress. This court has jurisdiction pursuant to 28 U.S.C. §1331. The court has supplemental jurisdiction over the state law claim, which arises out of the identical facts, under 28 U.S.C. §1367.

Parties

2. Plaintiff Trey Sims is 19 years old. The child of drug-abusing parents, Trey, on his own initiative, turned his life around after a difficult beginning. During the time relevant to this action Trey was 17 years old, and a mild, polite, soft-spoken, law-abiding young man living with his aunt in Manassas, Virginia. He attended Osbourn High School in Manassas, where he played football and basketball, made good grades, and hardly ever missed class.

3. Defendant Claiborne T. Richardson, II was, at all times relevant to this action, an Assistant Commonwealth's Attorney for Prince William County, Virginia. He is sued in his individual capacity for his actions taken in a purely investigative, non-prosecutorial capacity.

4. David E. Abbott, deceased (December 14, 2015), was, at all relevant times, a detective with the Manassas City Police Department. Under *Code of Va.* §8.01-25, Trey's claims survive Det. Abbott's death. Det. Abbott's estate is sued here for his wrongful actions in his individual capacity.[1]

---

[1]Trey understands Det. Abbott to have been insured against these claims. Trey will dismiss Det. Abbott's estate as a party in the event his actions here at issue turn out not to be covered by insurance. It is Trey's intent to hold Det. Abbott's heirs harmless from any claim arising in this suit.

## Claim for Relief

5. When Trey was 17 years old, his then-girlfriend sent explicit, nude photos of herself to him via her cell phone.

6. In response, Trey sent her an explicit video of himself via his cell phone.

7. The girlfriend's mother became aware of these sexts and reported them to the Manassas City Police Department in January, 2014.

8. On or about January 6, 2014, Detective David E. Abbott procured a warrant to seize evidence related to the sexts. Det. Abbott, along with several other police officers, executed the warrant at the home of Stacy Bigley, Trey's aunt with whom he lived, the same day.

9. Trey was thereafter charged with felony manufacture and distribution of child pornography, *i.e.*, the video of himself. His trial was set for June 3, 2014.

10. By mutually exchanging sexts of themselves, Trey and his then girlfriend acted and were situated identically to one another with respect to manufacturing and distributing the alleged child pornography. This fact notwithstanding, the girlfriend, whose sexts had started the entire affair, was not charged. The circumstances of their mutual sexting did not present distinguishable legitimate prosecutorial factors to justify this difference in treatment.

11. On information and belief, Assistant Commonwealth's Attorney Claiborne Richardson made the decision to charge and investigate only Trey, and did so because Trey is male. On information and belief, Det. Abbott supported the prosecution and investigation of only Trey, and did so because Trey is male.

12. On or about January 28, 2014, defendants caused Trey to be put on home confinement for allegedly being a flight risk. During the period of home confinement, an officer performed random checks on Trey at home and school. Trey had to let the officer know before he left home other than to go to school. Ms. Bigley had to accompany Trey if he left home. He could not use a cell phone, and had a curfew of 7:00 pm on weekdays and 9:00 pm on weekends.

13. Trey was fully cooperative with the investigation into the charges against him, and no facts justified his five-month home confinement. The confinement was inimical to his interests as a minor.

14. On the date of trial, June 3, 2014, Mr. Richardson offered to drop the production of child pornography charge if Trey pled guilty to possession thereof. Trey rejected the offer.

15. Mr. Richardson then moved for a *nolle prosequi*, ostensibly for lack of evidence identifying Trey as the subject in the video, which motion was granted.

16. On coming out of the courtroom, Det. Abbott told Trey, menacingly, words to the effect, "This isn't over" and "I will be back."

17. Later that day, Mr. Richardson directed Det. Abbott to obtain a secure detention order for Trey from the juvenile court service unit, and Det. Abbott did so. A secure detention order permits law enforcement officials to take an alleged juvenile delinquent to a secure detention center.

18. There was no probable cause for defendants to have sought or obtained an order to secure Trey in a detention center, nor any reason for them to have believed that doing so was necessary to protect Trey or others, or to prevent Trey's flight. Trey was a local, compliant, peaceful student in a local school living with a known, responsible, local aunt. Defendants made

no effort to contact or coordinate with Ms. Bigley to alleviate the need for a secure detention order. Detention was not necessary for the investigation or prosecution, nor was it in Trey's best interest as a minor for him to be taken from his aunt's house to a juvenile detention center.

19. On information and belief, Det. Abbott's and Mr. Richardson's actions in procuring the detention order were motivated by spite and anger at Trey's having refused Mr. Richardson's proffered plea bargain. On information and belief, in order to obtain the detention order they misrepresented to the magistrate that Trey posed a flight risk – something they had no grounds to allege.

20. The same day, June 3, 2014, Det. Abbott obtained a search warrant authorizing the photographing of Trey's penis and other parts of his body, to be used in comparisons to the sexts underlying the prosecution. He did so at the direction of the Commonwealth's Attorney's Office, on information and belief, specifically Mr. Richardson.

21. Directing Det. Abbott to procure the search warrant formed no part of Mr. Richardson's prosecutorial activity regarding Trey. Doing so constituted, rather, an investigative, police function, divorced from the judicial phase of the criminal process and not forming part of Mr. Richardson's role as the state's advocate in court.

22. Det. Abbott and several other officers executed the secure detention order at Ms. Bigley's home on June 3, 2014, placing Trey in handcuffs and taking him to the Prince William County Juvenile Detention Center ("JDC").

23. At the JDC, Trey was taken into a locker room by Det. Abbott and two other uniformed officers. Det. Abbott told Trey to pull down his pants so that photos could be taken of his penis.

24. Upset, Trey asked Det. Abbott whether he was required to submit to his direction. Det. Abbott responded to the effect that he would do it by force if Trey did not comply.

25. Reasonably concluding that he could not oppose the three armed, uniformed officers surrounding him, Trey reluctantly submitted.

26. Once Trey had exposed himself per Det. Abbott's demand, Det. Abbott began taking pictures of Trey's unerect penis with his cell phone, which phone was made of materials that had moved in interstate commerce. As part of this effort, Det. Abbott directed Trey to use his hand to position his penis in different ways for his photographs.

27. By forcing Trey to touch and position his penis for the pictures, defendants caused Trey to be photographed as though masturbating, thereby creating child pornography.

28. By taking or directing the taking of pictures of Trey's penis ostensibly for the purpose of comparing them to sexts allegedly constituting child pornography under *Code of Va.* §18.2-374.1:1, defendants themselves replicated and thus manufactured child pornography, or directed its manufacture.

29. It was unnecessary for Det. Abbott to order Trey to manipulate his penis. In compelling Trey to touch and position his penis and in taking photographs thereof, Det. Abbott was, on information and belief, simply gratifying his own perverse pleasures. In 2015, the Prince William County Police Department obtained multiple warrants against Det. Abbott for indecent liberties by a custodian and use of communication devices to solicit sexual offenses.

30. Trey was embarrassed and humiliated as a result of Det. Abbott's actions.

31. Defendants' procurement and execution of the warrant authorizing pictures of Trey's penis were patently unreasonable, reckless, and in knowing violation of Trey's rights set forth above. It was not reasonably tailored to contend with Trey's increased susceptibility to psychological trauma as a minor, nor otherwise in his best interest.

32. The search to which Trey was subjected was outrageous and intolerable and offended generally accepted standards of decency and morality in that it forced a minor to expose himself for photographs of his genitals for no legitimate law enforcement or prosecutorial purpose, in disregard of well-established protections for minors.

33. The exposure of Trey's penis intruded on Trey's bodily privacy and caused him severe emotional and psychological distress.

34. On June 4, 2014, having spent the night at the juvenile detention center, Trey was arraigned on charges of possession and distribution of child pornography. He was appointed a defense attorney and a guardian *ad litem*, and trial was set for July 1, 2014.

35. Following his arraignment, Trey was released to the custody of Ms. Bigley and once again placed unnecessarily on home confinement. His release to Ms. Bigley's custody confirmed the gratuitous nature of his overnight custody at the JDC and the secure detention order authorizing it.

36. On June 13, 2014, Det. Abbott told Trey's defense counsel that he required pictures of Trey's erect penis to compare to the sexts at the heart of the investigation. Det. Abbott advised counsel that Trey could either accomplish an erection himself or Manassas police personnel would take him to a hospital to give him an erection-producing injection.

37. The threat of an erection-producing shot was gratuitous, malicious, wanton, and willful, especially since Det. Abbott had on June 10 claimed to have an already "overwhelming" body of evidence against Trey.

38. On July 1, 2014, Trey refused a plea offer made by the Commonwealth, following which the Commonwealth had trial continued to August 1, 2014.

39. Following the continuance, on July 1, 2014, at the direction of the Commonwealth's Attorney, on information and belief, Mr. Richardson, Det. Abbott somehow succeeded in obtaining a search warrant for pictures of Trey's erect penis.

40. In Virginia, search warrants are void if not executed within 15 days of being issued. *Code of Va.* §19.2-56.

41. On July 3, 2014, Trey's guardian *ad litem* moved to amend Trey's bond to permit him to leave the state, expressly to avoid service upon him of the newly obtained warrant. The court granted this motion, expressly allowing Trey to leave Virginia for two weeks so as to avoid service of the warrant. Trey left the state the same day.

42. The search warrant issued on July 1 became void before Trey returned to Virginia.

43. Defendants' demand that Trey submit to the photographing of his erect penis became known and gave rise to press coverage in the week following his flight from Virginia. This press coverage prompted a firestorm of public protest, ultimately causing defendants to announce that they would cease their efforts to procure and then photograph Trey's erect penis.

44. On July 15, 2014, Mr. Richardson confirmed in open court that the Commonwealth would let the July 1 warrant expire without service, thereby confirming that the requested photos

were unnecessary to his case. This avoided the forcible photographing of Trey's erect penis. Trey thereafter returned to Virginia.

45. Defendants' threat of injecting Trey with an erection-producing substance was outrageous and intolerable and offended generally accepted standards of decency and morality, as the firestorm of public protest demonstrated. The threat, which grossly intruded on Trey's bodily privacy, caused him severe emotional and psychological distress.

46. On or about August 1, 2014, Mr. Richardson successfully moved to amend the charge of felony manufacture of child pornography to one of felony possession thereof.

47. At trial, on or about August 4, 2014, the Juvenile and Domestic Relations Court, making no finding of guilt, suspended imposition of sentence pending Trey's completion of a one-year probation.

48. By the terms of his probation, Trey could not leave Prince William County or the City of Manassas for more than 24 hours without obtaining prior approval from his probation officer. He had a curfew of 7:00 pm on weekdays and 9:00 pm on weekends, and had to complete 100 hours of community service. He could not use any social media, could not send or receive text messages except to or from Ms. Bigley and certain school personnel, and could not use the internet function on his cell phone.

49. The charges against Trey were dismissed in August, 2015 upon his successful completion of the terms of his probation.

50. By their actions set forth above, defendants engaged in a display of investigatory excess grossly inappropriate to the juvenile matter at hand. Their actions were knowing, gratuitous, wanton, willful, motivated by spite, and on information and belief, also, in Det.

Abbott's case, by private prurient interest. They were taken in disregard of Trey's clearly established rights and his best interest as a minor.

51. As a result of defendants' actions, Trey suffered humiliation, embarrassment, and physical manifestations thereof. Trey's injuries were magnified by the fact that defendants' inappropriate conduct occurred the summer before his senior year of high school. As a result, Trey deferred applying for college pending termination of the criminal proceedings, despite his outstanding academic and extracurricular records. Throughout the prosecution and investigation, he was mortified to face his peers.

52. At all times, Det. Abbott and Mr. Richardson knew or should have known that their actions towards Trey set forth above violated Trey's Fourth and Fourteenth Amendment rights, had no legitimate law-enforcement or prosecutorial purpose, and were not in his best interests as a minor.

## Causes of Action

### Count I

### Fourth Amendment Violation: Seizing Trey Without Probable Cause

53. By seizing Trey or causing Trey to be seized, as set forth above at ¶¶17-19, pursuant to a secure detention order that was not supported by probable cause, was antithetical to his best interests as a minor, based on erroneous representations as to Trey's risk of flight, and on information and belief motivated by spite about Trey's refusal of a plea offer, defendants violated Trey's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable seizure.

## Count II(A)

### Fourth Amendment Violation: Compelled Photographs of Trey's Penis

54. By forcibly procuring pictures of Trey's penis as set forth above at ¶¶20-34, or causing same, defendants violated his rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizure.

## Count II(B) (In the Alternative to Count II(A))

### Substantive Due Process Violation: Compelled Photographs of Trey's Penis

55. By forcibly procuring pictures of Trey's penis as set forth above at ¶¶20-34, or causing same, defendants acted in an outrageous, unjustified, conscience-shocking manner, thereby violating Trey's substantive Due Process rights under the Fourteenth Amendment of the United States Constitution.

## Count III

### Substantive Due Process Violation: Threat of Erection-Producing Shot

56. By threatening Trey or causing Trey to be threatened with an erection-producing shot as set forth above at ¶¶36-45, defendants acted in an outrageous, conscience-shocking manner, violating Trey's substantive Due Process rights under the Fourteenth Amendment of the United States Constitution.

## Count IV

### Equal Protection Clause Violation: Investigating Only Trey for Mutual Sexting

57. By investigating only Trey, but not his girlfriend whose explicit nude photos sent to Trey had started the entire affair, defendants violated Trey's rights to equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

## Count V

### Conspiracy to Interfere With Civil Rights

58. As set forth above, defendants engaged in concerted action (a) to cause Trey to be wrongfully seized pursuant to the secure detention order, (b) wrongfully procuring the search warrant for pictures of Trey's penis and (c) wrongfully caused Trey's penis to be photographed pursuant to the first warrant. Their concerted action to this end constituted a conspiracy to interfere with Trey's Fourth and Fourteenth Amendment rights, actionable under 42 U.S.C. §1983. *Willis v. Blevins*, 966 F. Supp. 2d 646, 658-61 (E.D. Va. 2013). Defendants shared the same conspiratorial motive of spite against Trey for refusing the Commonwealth's plea offer. In furtherance of the conspiracy, Mr. Richardson took the overt acts of directing Det. Abbott to procure the manifestly unnecessary secure detention order and search warrant for pictures of Trey's penis, and Det. Abbott took the overt acts of procuring and executing same.

## Count VI

### Conspiracy to Engage In Sex Discrimination

59. Defendants' concerted action in investigating and prosecuting only Trey, not his then girlfriend whose explicit nude photos sent to Trey started the entire affair, constituted a conspiracy to interfere with Trey's right to equal protection of the law as a male, actionable under 42 U.S.C. §1985(3).

## Count VII

### Forced Production of Child Pornography

60. By forcibly procuring or causing to be procured cell-phone pictures of Trey manipulating his penis for the express purpose of comparing them to pictures allegedly constituting child pornography, defendants, created or caused to be created a visual depiction of sexually explicit conduct of a minor using materials that moved in interstate commerce, in violation of 18 U.S.C. §2251(a), for which Trey has a private right of action under 18 U.S.C. §2255.

## Count VIII

### Intentional Infliction of Emotional Distress

61. By forcibly procuring pictures of Trey's penis and threatening him with an erection-producing injection, defendants intentionally inflicted emotional distress upon Trey.

* * *

Wherefore, Trey requests an order of the court granting him:

*     His actual damages in an amount appropriate to the proof at trial, jointly and
severally against both defendants;

*     Punitive damages in an amount appropriate to the proof at trial, jointly and
severally against both defendants;

*     His costs, including reasonable attorney's fees; and

*     Such other relief as is just.

Trey requests a trial by jury.

Respectfully submitted,

TREY AUSTIN SIMS,

By counsel

Dated: May 25, 2016

Counsel for Plaintiff:

Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
SimsTrey\Pleadings\Complaint

Maxwelle C. Sokol, #89589
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
msokol@robinhoodesq.com